The court,
(Giibikb, Waties, and Bay, Justices, Brevard, having been of counsel in the cause, gave no opinion)
granted a new trial, on the ground, that the presumption of a former levy by the predecessor of Davis, &c. was inadmissible under the circumstances of the case; and that as it appeared from the evidence produced by the defendant, that Davis had no authority to sell under the execution in question, that he could not convey any title thereupon: and therefore, that the defendants had no right to the verdict in their favor.
Motion granted.
Note. Before the A. A. 1791, the new sheriff was not authorized to finish an execution begun by his predecessor, but the old sheriff might, after his office expired, proceed to sell, &c 1 Salk. 322 1 Bur. 27. If the sheriff had returned that the goods remained in his lianas for wa.it of buyers, either a venditioni exponas lay, if the same sheriff was still in ofiice, or a distringas nuper vicocomitem, if he was ought of office. Cro. Jac. 514 2 Saund. 343. 2 Saund. 71, c. note See 1 Salk. 322 Wils. 271. 2 Saund 47, c. note. See the form of the wr.t of distringo.s nuper mcccomitem. 2 Saund 47, c. Rast 164, a. 6 Mod. 295. The writ of venditioni exponas, gives no authority to the sheriff, but quickens him, compels him to sell See the form of the writ, 3 'auud. 47 in. note. After sale, jft. fa may issue for residue, &c. See Jackson v. Pratt, 8 Johns. 381. The recital of the execution in the sheriff’s deed held >,ot. necessary ; and that a mistake, or variance ill the recital, is immaterial, and affects not the validity of the deed, if there is a sufficient exiting authority to warrant the. sale. Sse 9 Johns. 90.